OCALA NORTHERN RAILROAD COMPANY, A CORPORATION, WILLIAM W. CRAWFORD, AS TRUSTEE, AND ASSETS REALIZATION COMPANY, A CORPORATION, *Appellants, v.* AUGUSTUS S. PEABODY, AS TRUSTEE, *Appellee.*

Opinion filed May 23, 1919.

Petition for Rehearing denied July 30, 1919.

Where it appears that property covered by a mortgage should be released therefrom in compliance with the terms of the mortgage, it is error to enforce the mortgage lien as to such property.

Decree reversed.

*George C. Bedell* and *Rushmore, Bisbee & Stern,* for Appellants;

*Baker & Baker,* for Appellee.

PER CURIAM.—Augustus S. Peabody, as Trustee, brought a bill against the mortgagors and other interested parties to enforce the liens of a mortgage given by Edward P. Rentz and wife dated April 15, 1909, covering lands, land leases and a railroad and other property. The mortgage contained the followng provisions:

IV. "Said Edward P. Rentz further covenants and agrees to and with the Trustee and his successor or successors and assigns, that he shall and will on the fifteenth (15th) day of each month, beginning with May 15, 1909, and so long as any of the bonds hereby secured shall be outstanding and unpaid, put aside and set apart a sum of money equal to Two (2) dollars a thousand feet board

measure, lumber tally, for all timber and other forest products cut from the land herein described for the month preceding such statement, as shown by the sworn statement of said Edward P. Rentz furnished to the Trustees under the provisions of Section 8, Article III, of this indenture. Said Edward P. Rentz shall and will promptly pay over and deposit, on the fifteenth (15th) day of such month, said sums to be set aside, with the Atlantic National Bank of Jacksonville, Florida, (hereinafter called the Depositary), which said Depositary shall hold said sums so paid over to it and place the same to the credit of said Trustee, to be disposed of as hereinafter provided, and said Edward P. Rentz shall be permitted to cut and remove timber and other forest products from the land described herein so long as said payments are made when due. Said Trustee shall not be responsible for any part of the sinking fund not actually paid over to it."

VI. "Said Edward P. Rentz, may from time to time, notwithstanding the execution of this indenture, so long as he is not in default in the keeping of any covenant herein contained, sell, as he sees fit, for cash, or its equivalent, any of the real estate covered hereby, from which the timber may have been cut and removed, except such real estate as may be actually improved with any of his buildings and plant, used by him in his business, or as shall form part of his plant and be necessary to the operation of his business, *provided that such sale will not materially impair or diminish the security* hereby conveyed and that t*he Trustee shall have consented in writing* to such sale or sales, *and that the proceeds thereof shall be deposited with the Trustee, in trust and for the uses and purposes provided in Article IV hereof,* and may sell and dispose of old and wornout equipment, tools or machinery

which may no longer be useful in his business, provided
that he shall replace said equipment, tools or machinery
so sold or disposed of by modern equipment, tools or ma-
chinery suitable and necessary for use in his business.
For consenting to any such sale, the Trustee shall incur
no liability whatsoever. The execution by the Trustee of
any conveyance, assignment, or release of any property
sold under the provisions of this Aritcle, to the purchaser
or assignee thereof, shall be conclusive evidence of the
Trustee's consent to such sale or assignment and of the
due and proper deposit and applicati·n of the proceeds
of such sale, as provided in this Aritcle; and no failure of
of said Edward P. Rentz or of the Trustee, to apply such
proceeds to the purpose hereinabove specified shall in-
validate such sale or the title conveyed thereunder, or
create any liabiltiy against the purchaser thereof.

"The railroad forming a part of the security for the
bonds hereinbefore mentioned shall in no case be sold,
conveyed, or otherwise disposed of by said party of the
first part or the equity therein, subject or not subject
to the lien of this indenture unless the consent in writing
of the trustee be first obtained, and any conveyance made
not in accordance with the above shall be void and this
agreement shall be good and sufficient notice to any pur-
chaser or prospective purchaser of the provisions hereof."

X. "It is further covenanted and agreed by and be-
tween the parties heerto and by the legal holder or hold-
ers of said bonds that upon the payment into the sinking
fund of One hundred thousand (100,000) Dollars and
subject to the provisions of Article VI hereof, then if
there is no breach of any covenant or agreement contain-
ed by said party of the first part, or either of them, to be
kept and performed, they shall be entitled to a release
from the lien hereof of said railroad, and the Trustee

shall thereupon upon demand of said party of the first part, at their cost and expense, execute, acknowledge deliver and enter of record all such releasese, satisfactions and reconveyances to said party of the first part as shall be necessary to reconvey and release the said railroad and to discharge the lien hereby created thereupon, but it is understood and agreed that such release of said railroad from the lein hereof shall in no wise affect the lien hereof upon the other properties hereby conveyed."

It appears thatt the mortgagor Rentz conveyed the mortgaged railroad to the Ocala Northern Railroad Company, a corporation, which corporation mortgaged the railroad to William W. Crawford, as Trustee, on November 1, 1911, subject to the lien of the mortgagee to complainant. By cross-bill the defendant Ocala Northern Railroad Company claimed and prayed for a decree that the mortgage given by Rentz to complainant be released as to the railroad property, the terms of the mortgage in Article X thereof having been complied with by the payment of $100,000 into the sinking fund. The court decreed a lien to the complainant as against the Ocala Northern Railroad Company and the Trustee of the mortgage and bonds executed by the railroad company. A sale of the railroad was ordered in the final decree and the Ocala Northern Railroad Company and the Trustee appealed.

As it clearly appears that the terms of Article X of the complainant's mortgage had been complied with by the mortgagor so that the railroad should have been released from the lien of complainant's mortgage, the decree is erroneous, and is reversed.

BROWN, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, JJ., concur.